## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Harbour

v.

Travelers Indemnity Co.

March 16, 1971

Case No. (Law) 7711

By JUDGE JOHN P. HARPER

Plaintiff was awarded judgment against one Soper in Civil Court in the amount of $1,000 for property damage to his automobile.

He now seeks to impress said judgment herein against defendant insurance company, alleging Soper came within the omnibus clause of the policy issued by defendant company to one Stockmaster whose car Soper was driving at the time of collision.

The parties are at issue as to whether Soper was a permissive user, etc.

Defendant moves to substitute Nationwide Mutual Insurance Company as a party plaintiff on the ground that it is a real party in interest, having paid a substantial part of the damage amount (i.e., all but the deductible) to plaintiff Harbour under its collision coverage, becoming subrogated to the extent of its coverage and payment. Plaintiff resists this motion.

Defendant relies upon *Hudgins* v. *Jones*, 205 Va. 495 (1964), wherein an insurance company seeking *contribution* from joint tort feasors upon a claim which it had settled was required to be named as a party plaintiff, the positions of the parties being apparent from the allegations of the pleadings.

On the other hand, plaintiff relies upon *Miller* v. *Tomlinson*, 194 Va. 367 (1952), in which the Supreme

Court of Appeals held it to be error to name the subrogated insurer as a party plaintiff, there being no allegation or inference of an assignment of rights to the insurance company.

Apart from these cases, which may be distinguished on their facts and relative merits, the instant question appears to be answered by § 38.1-31.2, Code of Virginia:

> Section 38.1-31.2. *Enforcement of right of subrogation in name of assured.* When any insurance company makes payment to an assured under any contract of insurance, which contract of insurance provides that the company becomes subrogated to the rights of the assured against any other party or parties, such company may enforce, *in its own name OR in the name of the assured* or his personal representative, the legal liability of such other party. (1952, c. 476). (Italics added.)

Thus it appears that the Nationwide Company has the option, by legislative fiat, of proceeding in either its own name or that of its assured, as it has been done herein.

Accordingly, the motion will be denied.